William R. FARRIS, Plaintiff,

v.

INDIAN HILLS NATIONAL BANK, West Omaha National Bank, the Omaha National Bank, a Nebraska Corporation, and James J. Saxon, Comptroller of the Currency of the United States, Defendants.

Civ. No. 02146.

United States District Court
D. Nebraska.

Oct. 23, 1964.

Clayton Shrout, William B. Craig, and James F. Green, Omaha, Neb., for plaintiff.

Lane, Baird, Pedersen & Haggart, Omaha, Neb., for defendant Banks.

Theodore Richling and Russell Blumenthal, Omaha, Neb., for comptroller.

ROBINSON, Chief Judge.

This matter comes before the Court on the motion of the plaintiff for a preliminary injunction restraining the Comptroller of Currency from issuing a Certificate of Authority to operate a national bank. Preliminary approval by the Comptroller has been given to the application of the Indian Hills National Bank for a charter to operate a national bank. A restraining order is presently in force and we must now determine whether the preliminary injunction should issue to prevent any further action on this matter until the final decision of this Court is rendered.

The controversy herein arises on the plaintiff's claim that the proposed Indian Hills National Bank is not a new bank as it purports to be, but is in reality a branch of the Omaha National Bank. Such branch bank would be illegal under 12 U.S.C.A. § 36[c] which provides for branch banking by national banks only when the statutes of the state in which the national bank is located provide for branch banking on the part of state banks. In Nebraska, branch banking is illegal, so a branch of a national bank in Nebraska would also be illegal. R. R.S.Nebr.1943 [1963 Cum.Supp.] § 8–157. The plaintiff is an organizer, officer, and stockholder or subscriber for stock of a newly chartered state bank that is to be located in the same area as the new national bank. His interest in the state bank both in money, time, and energy gives him standing in this Court to protect his interest therein. He is suing in his position relative to the state bank.

Plaintiff asks for a temporary injunction to prevent irreparable injury. It is his position that the Administrative Procedure Act required the Comptroller of Currency to have a formal hearing before approving this national bank charter. Since such a hearing was not had, the approval is illegal and the certificate cannot be issued. We cannot subscribe to this theory. The Administrative Procedure Act, 5 U.S.C.A. § 1004 requires a hearing "[i]n every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing." There is no provision that we can find in the National Banking Act, 12 U.S.C.A. for such a hearing. Indeed 12 U.S.C.A. § 27 provides that a certificate shall be issued in the following manner:

"If, upon a careful examination of the facts so reported, and of any other facts which may come to the knowledge of the comptroller, whether by means of a special commission appointed by him for the purpose of inquiring into the condition of such association, or otherwise, it appears that such association is lawfully entitled * * *."

The quoted statute obviously does not require a hearing. In effect it negates the *necessity* for a hearing by setting out other possibilities for arriving at a decision. Terminology such as "or oth-

erwise" would appear to leave the Comptroller free to determine for himself whether or not he will have a formal hearing in any given case. We find that he is not required to hold formal hearing.

However, the foregoing does not mean that the Administrative Procedure Act has no application in the present proceeding. If the proposed bank will actually be a branch bank of the Omaha National Bank, the state bank will be forced to engage in competition against an illegal bank. This it need not be legally required to do. In effect, a legal wrong will have been committed against the state bank and the plaintiff through his relation to the state bank if the certificate should issue and the national bank be allowed to engage freely in operations. The Administrative Procedure Act, 5 U.S.C.A. § 1009[a] provides:

"Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

■ Therefore, we believe that the Act provides for judicial review of this action being taken by the Comptroller. The plaintiff has alleged a legal wrong and it is the duty of this Court to review the decision upon petition of the plaintiff. The scope of the review to be had is that we shall "hold unlawful and set aside any agency action, findings, and conclusions found to be [1] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.A. § 1009[e] [B] [1].

■ We do not find, however, that the plaintiff will suffer irreparable injury if the Comptroller is not temporarily enjoined. We do not believe that the plaintiff has satisfactorily established such contention and the preliminary injunction will thus not be allowed. This is tempered, however, by the admonition that any further action taken by the comptroller, or the defendants in this matter will be subject to possible reversal upon the completion of the proceedings before this Court. If we decide upon further hearing that the proposed bank is in effect an illegal branch bank, any certificate issued will be ordered to be revoked. It is our conclusion that this Court has full power to so order.

The defendants claim that this agency action is not reviewable under 5 U.S.C.A. § 1009 since it is an "agency action [which] is by law committed to agency discretion." The answer to this contention is ably stated in Whitney Nat. Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 323 F.2d 290, quoting from Commercial State Bank of Roseville v. Gidney, D.C., 174 F.Supp. 770, as follows:

" 'Defendant argues that the approval or disapproval of branches of national banks is a matter clearly committed to the discretion of the Comptroller. But this is no discretion in the Comptroller to approve the establishment of a branch office at a location prohibited by law. * * * In the instant case, there is no desire to control the defendant's discretion * * *. But, as mentioned above, there is no discretion to unlawfully issue a certificate.' "

In addition to this, courts have been habitually hospitable to parties who have asked for judicial review. The general trend seems to be toward allowing review of administrative decisions whenever possible. We fully agree with this thought and find it in keeping with ideals of justice which we prefer to follow.

■ In conclusion, we have now determined to retain jurisdiction over this matter for the purpose of reviewing the alleged illegal action of the Comptroller. The plaintiff has standing to bring this action, but no preliminary injunction will be granted at this time. Accordingly,

It is ordered that the motion for preliminary injunction should be and it hereby is overruled. The restraining order heretofore granted is hereby dissolved.